**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| COSEME DAMIAN MORADEL-CALIX, AKA Cosme Damian Moradel-Calix, <br><br> Petitioner, <br><br> v. <br><br> TODD BLANCHE, Acting Attorney General, <br><br> Respondent. | No. 20-72048 <br><br> Agency No. A076-257-030 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 09, 2026[**]
Pasadena, California

Before: RAWLINSON and SANCHEZ, Circuit Judges, and FITZWATER, District Judge.[***]

Petitioner Coseme Damian Moradel-Calix (Moradel-Calix), a native and

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

citizen of Honduras, petitions for review of a decision of the Board of Immigration Appeals (BIA) dismissing his appeal of the denial by an Immigration Judge (IJ) of his application for asylum.[1]  We deny the petition.

We review the BIA's legal determinations de novo and its factual findings for substantial evidence.  *See Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023), *as amended*.  Under substantial evidence review, "[w]e reverse the BIA only where any reasonable adjudicator would be compelled to conclude to the contrary." *Hussain v. Rosen*, 985 F.3d 634, 642 (9th Cir. 2021) (citation and internal quotation marks omitted).  "Where, as here, the BIA agrees with the IJ's reasoning, we review both decisions. . . ." *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1016 (9th Cir. 2023) (citation omitted).

To establish eligibility for asylum relief, Moradel-Calix was required to "demonstrate a likelihood of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group or political opinion." *Sharma v. Garland*, 9 F.4th 1052, 1059 (9th Cir. 2021) (citation and internal quotation marks omitted).

Substantial evidence supports the agency's determination that Moradel-Calix failed to establish past persecution.  Moradel-Calix received one anonymous death

---

[1]  Moradel-Felix failed to address the denial of withholding of removal in his Opening Brief.  Therefore, this argument has been waived.  *See Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1065 (9th Cir. 2020).

threat via text message, and on a separate occasion was confronted by an unknown armed individual. However, the threat was nonspecific and was not accompanied by violence. *See Villegas Sanchez v. Garland*, 990 F.3d 1173, 1179 (9th Cir. 2021) ("[T]hreats by phone and in person, without acts of violence, [do] not compel finding past persecution.") (citation omitted). Similarly, Moradel-Calix was not physically harmed by the unknown armed individual who confronted him. *See Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019) (holding that the evidence did not "*compel*[] the conclusion that Duran-Rodriguez suffered past persecution" as the "men who approached him . . . took no actions of violence against Duran-Rodriguez, his family or property beyond the threats.") (emphasis in the original)

Substantial evidence also supports the determination that Moradel-Calix failed to establish a well-founded fear of future persecution on account of a protected ground. *See Sharma*, 9 F.4th at 1065. To the extent Moradel-Calix asserts persecution based on his family membership, substantial evidence supports the agency's determination that he failed to establish a reasonable possibility that he would be persecuted on account of that protected ground. *See Rodriguez-Zuniga*, 69 F.4th at 1019. The armed individuals who approached Moradel-Calix did not reference his brother or any other family member, he did not know the individuals, and the record does not compel the conclusion that the threats and

extortion demand received by his relatives were motivated by family membership.

Likewise, substantial evidence supports the agency's determination that Moradel-Calix failed to establish a reasonable possibility of persecution on account of his proposed particular social group of "individuals who report crimes to law enforcement authorities." *See Conde Quevedo v. Barr*, 947 F.3d 1238, 1243 (9th Cir. 2020) (noting that persons who report crimes to the police do not constitute a cognizable social group).

Thus, Moradel-Calix failed to establish a nexus between any past or future harm in Honduras and a protected ground. *See Rodriguez-Zuniga*, 69 F.4th at 1016. Because Moradel-Calix has not established a reasonable possibility that he will be persecuted in Honduras on account of a protected ground, he cannot satisfy his burden to establish eligibility for asylum relief. *See Riera-Riera v. Lynch*, 841 F.3d 1077, 1081 (9th Cir. 2016) (holding that "[t]he lack of a nexus to a protected ground is dispositive of his asylum" claim.) (citation omitted).

**PETITION DENIED**.